# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2011

Lyle W. Cayce
Clerk

No. 10-20553
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOISES CARBAJAL SANCHEZ, also known as Moises Carbajal Sanchez, also known as Juan Tapia, also known as Arturo Martinez-Ruiz, also known as Moises Sanchez-Carbajal, also known as Moises Carbajal,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-180-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Moises Carbajal Sanchez (Carbajal) appeals his sentence following his guilty plea conviction for illegal reentry into the United States by a previously deported alien after a felony conviction. Carbajal was assessed the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(vii) because he was previously removed after being convicted of an alien smuggling offense in 1992, namely

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy to bring into and land and transport certain aliens within the United States. The district court sentenced Carbajal to 45 months of imprisonment, one month below his guidelines range. Carbajal challenges the procedural and substantive reasonableness of his sentence.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first examine whether the district court committed any significant procedural error, "such as . . . treating the Guidelines as mandatory . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If the district court's decision is procedurally sound, we will then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *See id.*

Carbajal argues that the district court committed procedural error by failing to make an individualized assessment of whether the 16-level enhancement should have been applied under his circumstances and whether the enhancement resulted in a sentence that was greater than necessary under 18 U.S.C. § 3553(a). He also contends that the district court's explanation of its reasons for the sentence was inadequate given his nonfrivolous arguments for a lesser sentence. These arguments were not preserved by Carbajal's general objection to his sentence as "procedurally unreasonable and greater than necessary" to comply with § 3553(a) and are reviewed under the plain error standard. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

A district court must make an individualized assessment of the § 3553(a) factors based on the facts presented in the case and "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50; *Mondragon-Santiago*, 564 F.3d at 360. Based on our review of the record, the district court's statements at sentencing reflect that it performed the requisite individualized assessment of Carbajal's case based on the facts presented, including his assertions

concerning the age and circumstances of the conspiracy conviction underlying his 16-level enhancement as well as his policy arguments against the 16-level enhancement. Additionally, the district court's explanation of the reasons for its sentence were adequate. *See Rita v. United States*, 551 U.S. 338, 356-58 (2007). Carbajal has not shown error, plain or otherwise, with respect to these issues.

Citing *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), Carbajal contends that the staleness of his conspiracy conviction, coupled with the minor nature of his other prior convictions, renders his sentence substantively unreasonable. Carbajal had thrice illegally reentered the United States and been deported before his instant offense and had four convictions since his 1992 conspiracy conviction. The district court opined that Carbajal had received "very lenient treatment" for his past criminal conduct. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Carbajal's sentence does not amount to an abuse of discretion by the district court.

Carbajal also wishes to preserve for further review the argument that a presumption of reasonableness should not apply to within-guidelines sentences calculated under § 2L1.2 because § 2L1.2 was not the result of empirical evidence or study. He correctly concedes that such an argument is foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

AFFIRMED.